THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLORIA BOATENG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 12-CV-07735 |
| v. | ) |
| | ) Honorable Gary Feinerman |
| ONEMAIN FINANCIAL, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO LIFT THE STAY, CONFIRM
ARBITRATION AWARD AND ENTER JUDGMENT IN DEFENDANT'S FAVOR**

Defendant ONEMAIN FINANCIAL, INC. ("OneMain"), by and through its attorneys and pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §9, and the terms of the company's Employment Arbitration Policy, hereby moves the Court to lift the stay in this matter, entered on January 22, 2013 [Docket Doc. No. 13], confirm the arbitration award rendered by Arbitrator Joseph Gagliardo and enter final judgment in favor of OneMain, thereby dismissing Plaintiff Gloria Boateng's ("Boateng") claims. In support of its Motion, OneMain states as follows:

1. On September 27, 2012, Boateng filed suit in this Court alleging claims of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, and the "Race Discrimination in Employment Act". [Docket Doc. No. 1, Complaint ¶¶1, 13, 14.]

2. On January 15, 2013, OneMain filed a Motion to Stay Proceedings and Compel Arbitration [Docket Doc. Nos. 10, 11] because the race discrimination claims made in Boateng's Complaint are subject to final and binding arbitration under a company Employment Arbitration Policy. A copy of the Employment Arbitration Policy was submitted with the aforementioned motion and is also attached in support of this Motion as Exhibit A.

3. On January 22, 2013, this Court entered an order [Docket Doc. No. 13] staying proceedings in the federal court pending arbitration.

4. As stated in the Joint Status Reports that the parties filed on July 8, 2013 and November 14, 2013 [Docket Doc. Nos. 17, 19], Ms. Boateng's claims were submitted to the American Arbitration Association ("AAA"), with Joseph Gagliardo selected to preside as arbitrator. A copy of AAA's April 29, 2013 letter advising of Mr. Gagliardo's appointment as arbitrator is attached as Exhibit B.

5. In December, 2013, after discovery in the arbitration matter had closed, OneMain filed a motion for summary judgment on Boateng's race discrimination claims with AAA. On March 25, 2014, Arbitrator Gagliardo granted summary judgment in OneMain's favor on all of Boateng's claims. A copy of the "Final Award of Arbitrator" is attached as Exhibit C, with the specifics of the arbitrator's Award set forth at pages 12-13 thereof.

6. The company Employment Arbitration Policy provides that "[t]he award of the arbitrator may be enforced under the terms of the Federal Arbitration Act (Title 9 U.S.C.) and/or under the law of any state to the maximum extent possible" and that "[p]arties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof". (Exhibit A, ¶¶21, 22(a)).

7. Section 9 of the FAA, 9 U.S.C. §9, provides, in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title . . . .

8. As stated in Paragraph 6 above, pursuant to Paragraph 22 of the company Employment Arbitration Policy, the parties have "consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof" and therefore the agreement requirement of Section 9 of the FAA has been satisfied. Additionally, this Court clearly has jurisdiction over this matter, having stayed Boateng's federal court action pending arbitration before AAA, thereby satisfying Section 9's jurisdictional requirement.

9. Because Boateng's race discrimination claims have been fully litigated and resolved in arbitration, this action should no longer be stayed. Further, pursuant to Section 9 of the FAA and Paragraphs 21(a) and 22 of the company Employment Arbitration Policy, the Court should confirm Arbitrator Gagliardo's March 25, 2014 Final Award of Arbitrator and enter final judgment in OneMain's favor.

10. On May 6, 2014, OneMain's counsel emailed Boateng's counsel advising of OneMain's intent to seek dismissal of Boateng's federal court action because all of Boateng's claims were disposed of in the arbitration and asked whether OneMain could mark the motion "agreed" or "unopposed". On May 15, 2014, OneMain's counsel phoned and emailed Boateng's counsel to discuss whether the parties could file an "agreed" or "unopposed" motion to dismiss. As of the filing of this Motion, Boateng's counsel has not responded.

11. In compliance with Section 13 of the FAA, 9 U.S.C. §13, OneMain has attached copies of (a) the Employment Arbitration Policy (Exhibit A); (b) AAA's April 29, 2013 letter advising of Arbitrator Gagliardo's appointment (Exhibit B); and (c) the March 25, 2014 Final Award of Arbitrator (Exhibit C).

For the foregoing reasons, Defendant ONEMAIN FINANCIAL, INC. respectfully requests that this Court enter an Order lifting the stay previously entered in this case, confirming

the Final Award of Arbitrator and entering final judgment in OneMain's favor on Plaintiff GLORIA BOATENG's race discrimination claims.

>ONEMAIN FINANCIAL, INC.
>
> By: /s/ Tracey L. Truesdale
>       One of Its Attorneys

Tracey L. Truesdale (IL ARDC #6207891)
Jennifer L. Colvin (IL ARDC #6274731)
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606
(312) 558-1220

Dated: May 16, 2014

*c/m: 004849-266*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 16th day of May, 2014, the foregoing DEFENDANT'S MOTION TO LIFT THE STAY, CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT IN DEFENDANT'S FAVOR was filed electronically. Pursuant to Local Rule 5.9, Notice of this filing will be sent to all Filing Users by operation of the Court's electronic filing system, and such Notice of Electronic Filing constitutes service upon such Filing Users, including counsel identified below. Parties may access this filing through the Court's system.

    Ms. Anita Kontoh Scott
    KONTOH SCOTT & ASSOCIATES, P.C.
    260 S. Schmidt Road
    Suite A
    Bolingbrook, IL 60440
    anita@kontohscottlaw.com


    /s/ Tracey L. Truesdale
    One of Defendant's Attorneys

17857585.1